UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NICOLE ANDREWS,**

        **Plaintiff,**

v.                                                                    Case No:   **6:13-cv-988-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

# MEMORANDUM OF DECISION

Nicole Andrews ("Ms. Andrews"), on behalf of the minor, D.C. ("Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for supplemental security income ("SSI") benefits. Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred in determining that he did not meet, medically equal, or functionally equal the listing for attention deficit hyperactivity disorder ("ADHD").  Doc. No. 21 at 9-14.  For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.     STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.     **DISABILITY ANALYSIS.**

For a person under age 18 to be entitled to SSI benefits, that person must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The ALJ uses a three-step analysis to make this determination. *Bryant v. Soc. Sec. Admin.*, 478 F. App'x 644, 645 (11th Cir. 2012) (per curiam).[1]  At the first step, the ALJ determines whether the

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the claimant is not engaged in substantial gainful activity, then the ALJ proceeds to the second step. At the second step, the ALJ determines whether the claimant has an impairment or combination of impairments that is severe. *Id*. at § 416.924(c). If the claimant has an impairment or combination of impairments that is severe, then the ALJ proceeds to the third step. At the third step, the ALJ determines whether the claimant meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, subpart P, Appendix 1, and otherwise satisfies the duration requirement. *Id*. at § 416.924(d).

### III. ANALYSIS.

On appeal, Claimant challenges the ALJ's determination that he does not meet, medically equal, or functionally equal the listing for ADHD, which is located in 20 C.F.R. Part 404, subpart P, Appendix 1 § 112.11 ("Listing 112.11"). Doc. No. 21 at 9-14.[2]

**A. Meeting or Medically Equaling Listing 112.11.**

Claimant baldly argues that the ALJ failed to provide an adequate explanation as to why he does not meet or medically equal Listing 112.11. Doc. No. 21 at 11-12. In response, the Commissioner argues that the ALJ did provide an adequate explanation, and maintains that the ALJ's determination is supported by substantial evidence. Doc. No. 23 at 6-21.

In order to meet or medically equal Listing 112,11, Claimant must demonstrate the following:

> A. Medically documented findings of all three of the following:
>
> > 1. Marked inattention; and
> >
> > 2. Marked impulsiveness; and

---

[2] Claimant does not challenge the ALJ's determinations at step one or two of the disability analysis. *See* Doc. No. 21.

       3. Marked hyperactivity;

AND

  B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. Part 404, subpart P, Appendix 1 § 112.11. Additionally, since Claimant attained the age of three (3) prior to the alleged disability onset date, Claimant must demonstrate that his ADHD results in at least two of the following:

  a. Marked impairment in age-appropriate cognitive /communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or

  b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or

  c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or

  d. Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. Part 404, subpart P, Appendix 1 § 112.02(B)(2)(a-d). Accordingly, to meet or medically equal Listing 112.11, Claimant must present medically documented findings of marked

inattention, impulsiveness, and hyperactivity, *and* appropriately documented findings that his ADHD results in at least two of the following: 1) marked impairment in age-appropriate cognitive/communicative function; 2) marked impairment in age-appropriate social functioning; 3) marked impairment in age-appropriate personal functioning; or 4) marked difficulties in maintaining concentration, persistence, or pace. *See Stiles v. Astrue*, Case No. 5:07-cv-52-Oc-GRJ, 2008 WL 879299, at *5 (M.D. Fla. Mar. 28, 2008) (to meet Listing 112.11 for ADHD a claimant must provide medical findings and/or medical evidence supported by clinical and laboratory findings in support of each of the listing's criteria).

Here, the ALJ stated the following in support of her determination that Claimant does not meet or medically equal Listing 112.11:

> The medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.  No State agency reviewer/consultant/examiner has concluded that the claimant has an impairment(s) severe enough to meet or equal a listing.  No subsequent evidence has been submitted that would alter the previous conclusions that the claimant has no impairments severe enough to meet or equal a listing.  No treating physician has credibly concluded that the claimant has an impairment or combination thereof severe enough to meet or equal a listing.
>
> Specifically, the [ALJ] concludes that the claimant continues to have significant problems in some areas of functioning, but is persuaded that the evidence does not support a conclusion that the criteria required to meet or medically equal the severity of the listing are present (Exhibits 22E-23E; 2F-3F; 10F-11F).

R. 12.   There is no requirement that the ALJ "mechanically recite the evidence" when determining whether a claimant's impairments meet any of the listings.  *See Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (holding that the ALJ could implicitly find that the claimant did not meet a listing).   The Court finds that the ALJ provided an adequate explanation in support of her

determination that Claimant does not meet or medically equal Listing 112.11. While the record reveals that Claimant has problems with inattention, impulsivity, and hyperactivity (*see, e.g.*, R. 143, 190-97, 241-48), the ALJ accurately concluded that there are no medically documented findings or opinions demonstrating that those problems meet or medically equal the severity requirements of Listing 112.11. R. 12. The ALJ supports her determination with citations to the record. R. 12 (citing R. 232-48, 259-69, 311-45). The evidence cited by the ALJ, as well as other evidence contained in the record indicating that Claimant does not meet or medically equal a listing (*see, e.g.*, R. 270-71, 276-77, 298-99, 304-05) support the ALJ's determination that Claimant does not meet or medically equal Listing 112.11. Accordingly, the Court finds that the ALJ provided an adequate explanation in support of her determination that Claimant does not meet or medically equal Listing 112.11, and her determination is supported by substantial evidence.

### C. Functionally Equaling Listing 112.11.

Claimant also baldy argues that the evidence demonstrates that he functionally equals Listing 112.11, and that the ALJ's finding to the contrary is not supported by substantial evidence. Doc. No. 21 at 12-14. In response, the Commissioner argues that the ALJ's determination that Claimant does not functionally equal Listing 112.11 is supported by substantial evidence. Doc. No. 23 at 21-24.

In determining whether a child's impairment or combination of impairments functionally equals a listed impairment, the ALJ must assess the claimant's functioning in terms of six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for oneself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A child's impairment(s) functionally equal a listed impairment, and thus constitute a disability, if the child's limitations are "marked" in two of

the six domains, or if the child's limitations are "extreme" in one of the six domains. *Id*. at § 416.926a(d). A marked limitation is defined as a limitation that "interferes seriously with [the] ability to independently initiate, sustain, or complete activities," and is "more than moderate." *Id*. at § 416.926a(e)(2)(i). The ALJ must consider the "interactive" and "cumulative" effects of all medically determinable impairments, including those impairments that are not severe. *Id*. at § 416.926a(a), (c). The ALJ must also consider how the child performs in a supportive setting and at school, as well as the effects of medication and other treatment. *Id*. at § 416.926a(a).

In determining that Claimant did not functionally equal Listing 112.11, the ALJ conducted a detailed analysis of each domain. R. 12-25. In doing so, the ALJ found that Claimant suffered no extreme limitations in any of the six domains, and marked limitations in only one of the domains, attending and completing tasks. *See* R. 12-25. As for the remaining domains, the ALJ found that Claimant has less than marked limitations in acquiring and using information, interacting and relating to others, and caring for himself, and no limitations in moving about and manipulating objects and in his health and physical well-being. *Id*. Claimant challenges the ALJ's findings with respect to his ability to acquire and use information, interact and relate to others, and caring for himself. Doc. No. 21 at 12-14.

1. **Ability to Acquire and Use Information**.

Claimant argues that he has marked limitations in his ability to acquire and use information. Doc. No. 21 at 12. In support, Claimant, without citation to the record, refers to "his retention in kindergarten and teachers' and expert reports that he cannot adequately learn." *Id*. at 12-13. Claimant bears the burden of showing that the ALJ's determination is not supported by substantial evidence. *See Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 916-17 (11th Cir. 2013). Claimant's vague reference to teacher and expert reports and his failure to cite to any record

evidence does not satisfy his burden.  Notwithstanding this infirmity, the Court finds that the ALJ conducted a detailed and accurate examination of the evidence relevant to Claimant's ability to acquire and use information.  R. 16-18.  In her opinion, the ALJ considered Ms. Andrews' testimony, Claimant's retention in kindergarten, reports from Claimant's teachers, and expert reports from examining and non-examining medical sources.  R. 17-18.[3]  Based on this evidence, the ALJ, noting that much of the evidence demonstrates "on-grade level performance," determined that Claimant has less than marked limitations in his ability to acquire and use information.  *Id*.  Upon review, the Court finds that the ALJ's determination is supported by substantial evidence.

### 2. Interaction and Relation to Others.

Claimant argues that he has marked limitations in his ability to interact and relate to others. Doc. No. 21 at 13.  In support, Claimant, without citation to the record, refers to his suspension from riding the school bus and referral for psychiatric treatment.  *Id*.  The Court finds that the ALJ conducted a detailed and accurate examination of the evidence relevant to Claimant's ability to interact and relate to others.  R. 20-22.  Once again, in her opinion, the ALJ considered Claimant's and Ms. Andrews' testimony, reports from Claimant's teachers, Claimant's disciplinary issues, and expert reports from examining and non-examining medical sources.  R. 21-22.  Based on this evidence, the ALJ found:

> Relying upon the State agency expert opinions because they adequately take into account the claimant's subjective complaints but also accurately reflect the claimant's generally compliant and cooperative behavior, the [ALJ] finds that the claimant has less than marked limitation interacting and relating with others.  The [ALJ] acknowledges the claimant's disciplinary problems in early 2011, and his recent mental health treatment notes reflecting reports of violent behavior and a diagnosis of disruptive disorder; however, the [ALJ] also notes the recent questionnaires showing no significant behavior problems in kindergarten or the first grade (Exhibits 22E and 23E), as well as the testimony of Ms. Andrews regarding the

---

[3] Claimant does not challenge the ALJ's reliance on any of the medical source opinions.  *See* Doc. No. 21.

> claimant's behavior improvement with medication. The [ALJ] also notes that the claimant was cooperative at the hearing.

R. 22. The ALJ clearly considered Claimant's behavior and psychiatric treatment. *Id*. Yet, the ALJ concluded, based on other evidence, including expert opinions, recent reports from Claimant's teachers, Ms. Andrews' testimony, and Claimant's behavior during the hearing, that Claimant has less than marked limitations in interacting and relating with others. *Id*. Upon review, the Court finds that the ALJ's determination is supported by substantial evidence.

### 3. Caring for Yourself.

Claimant argues that he has marked limitations in his ability to care for himself. Doc. No. 21 at 12. In support, Claimant, without citation to the record, refers to "teacher's questionaire [sic] and mental health records." *Id*. Claimant's vague reference to a teacher's questionnaire and mental health records, as well as his failure to cite to any record evidence, does not satisfy his burden. *Hines-Sharp*, 511 F. App'x at 916-17. Notwithstanding this infirmity, the Court finds that the ALJ conducted a detailed and accurate examination of the evidence relevant to Claimant's ability to care for himself. R. 23-24. In particular, the ALJ noted that while there was evidence that Claimant had difficulty with eating and personal hygiene, other evidence, in the form of Ms. Andrews' testimony, recent teacher reports, and non-examining medical sources, indicate that Claimant has little or no issues with caring for himself. R. 24. In light of this evidence, the ALJ determined that Claimant has less than marked limitations in caring for himself. Upon review, the Court finds that the ALJ's determination is supported by substantial evidence.

In sum, the Court finds that the ALJ's determination with respect to Claimant's ability to acquire and use information, interact and relate to others, and care for himself is supported by substantial evidence. As such, the ALJ appropriately determined that Claimant does not functionally equal Listing 112.11, because he did not demonstrate extreme limitations with respect

to any domains and only one marked limitation.   20 C.F.R. § 416.926a(d).

**IV.    CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 20, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Mary C. Montanus
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801